# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAJMUS SHAMEEM, | : | CIVIL NO. 1:10-CV-2550 |
| Petitioner, | : | (Chief Judge Kane) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| LOWE CRAIG, et al., | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

**I.  Statement of Facts and of the Case**

This case involves a habeas corpus petition filed on December 16, 2010, by an immigration detainee. (Id.) The Petitioner, Najmus Shameem, is a citizen and national of Bangladesh who was being held in immigration custody at the Pike County Prison pending deportation. (Id.) In his *pro se* habeas corpus petition, Shameem alleged that he had been held by immigration officials since March, 2010. Citing the Supreme Court's decision in Zadvydas v. Davis, 533 U.S. 678 (2001), Shameem sought release from immigration custody pending completion of these removal proceedings. (Id.)

On December 21, 2010, this Court ordered the United States to respond to Shameem's petition. (Doc. 8.) The United States has now filed its response to this petition. (Doc. 10.) That response, in part, recites that "On January 4, 2011, upon

1

review of Shameem's case, ICE concluded that he may be released from ICE custody pending his removal from the United States (Id., Ex. C, Release Notification.) On January 6, 2011, Shameem was released under an Order of Supervision. (Id., Ex. D, Order of Supervision.)" (Id., p. 2.) Thus, the record reveals that Shameem has received precisely the relief he sought in his petition, release from ICE custody pending the completion of these removal proceedings. On these facts, the United States suggests that this petition should now be dismissed as moot.

We concur.

## II. Discussion

The United States is correct in suggesting that, in light of the action recently taken by immigration officials, this case is now moot and should be dismissed. The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). In the context of habeas corpus petitions mootness questions often turn on straightforward factual issues. Thus:

> [A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624, 631(1982). This general principle derives from the case or controversy requirement of

> Article III of the Constitution, which "subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit."<u>Lewis v. Cont'l Bank Corp</u>., 494 U.S. 472, 477-78 (1990) (internal citations and quotations omitted). In other words, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." <u>Id</u>. at 477(citations omitted).

<u>DeFoy v. McCullough</u>, 393 F.3d 439, 441-442 (3d Cir. 2005)

The mootness doctrine often applies with particular force to habeas petitions filed in immigration matters. In the context of federal habeas petitions brought by immigration detainees, it is well-settled that administrative action by immigration officials addressing the concerns raised by an alien's petition renders that petition moot. <u>Burke v. Gonzales</u>, 143 F. App'x 474 (3d Cir. 2005); <u>Gopaul v. McElroy</u>, 115 F. App'x 530 (3d Cir. 2004). Thus, for example, the deportation of an alien frequently makes an immigration habeas petition moot. See <u>Lindaastuty v. Attorney General</u>, 186 F. App'x 294 (3d Cir. 2006).

Moreover, the courts have spoken directly to the issue presented here; namely, whether, the release of an immigration detainee from ICE custody renders moot any further complaints regarding the fact of that detention. In <u>Sanchez v. Attorney General</u>, 146 F. App'x 547 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that for petitioners like Shameem, who challenge their continued immigration custody pending removal proceedings under <u>Zadvydas</u>, a decision by

3

immigration officials releasing the alien pending completion of removal proceedings makes the habeas petition entirely moot, and compels dismissal of the petition. Sanchez , 146 F. App'x at 548-49.

While the Sanchez decision is not precedential, it is highly persuasive as a "paradigm of the legal analysis [this Court] should . . . follow." Drinker v. Colonial Sch. Dist., 78 F.3d 859, 864 n.12 (3d Cir. 1996). We find the reasoning in Sanchez compelling and conclude, consistent with Sanchez, that the dismissal of Shameem's petition as moot is appropriate here since Shameem has already received the relief he sought, release from ICE custody pending completion of his removal proceedings.

### III. Recommendation

Accordingly, for the foregoing reasons, upon consideration of this Petition for Writ of Habeas Corpus, and the Notice of Mootness filed by the Government in this case, IT IS RECOMMENDED that the Petition be DISMISSED as moot.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 11th day of January, 2011.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge